## HANNA HAEGER v. JACOB LEUTHOLD.[1]

December 15, 1922.

No. 22,931.

**Charge regarding negligence as matter of law incorrect.**

Plaintiff fell down a stairway in a hall of an apartment building at night. The hall and stairway were not lighted as a city ordinance required. There was evidence that a light in a kitchen shone through the kitchen door near the head of the stairs. The light did not shine directly on the stairs. There was no evidence as to the kind of light in the kitchen, nor as to its location nor as to the extent to which it lighted the hall and stairs. It was error for the court to charge, as a matter of law, that, if the kitchen door was open and the light therefrom extended through the door, plaintiff could not recover. That question should have been submitted to the jury.

Action in the district court for Ramsey county to recover $15,000 for injuries received in falling down an unlighted stairway in de-

[1]Reported in 191 N. W. 257.

fendant's apartment house. The case was tried before Hanft, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Charles J. Mullen* and *Briggs, Weyl & Briggs,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

HALLAM, J.

Plaintiff lived in an apartment building, in St. Paul, owned by defendant. On November 10, 1920, while walking along a public hallway on the second story of the building, she fell down a public stairway and was injured. She sued for damages. Defendant had a verdict and plaintiff appeals.

The accident happened in this manner: Defendant was changing the lighting system of the building from gas to electricity. Mr. McQuillan, a tenant of a flat on the same floor as plaintiff, was doing the work. On the evening in question, the gaslights in this hall had been removed, and the electric lights had not been installed. As a result there were no lights of any kind in the hall. Electric light had been installed in plaintiff's flat, but plaintiff was having trouble with the bulbs burning out. She went to the Mc-Quillan flat to get advice from Mr. McQuillan. Mrs. McQuillan admitted plaintiff through the kitchen door, called Mr. McQuillan who was at his office, and plaintiff talked with him over the phone. Mr. McQuillan asked plaintiff the size of the bulbs she was using. She did not know, but, holding the phone, she started for her apartment to find out and went out the kitchen door into the hall. The top of the stairway was about a foot to the left as she came out of the kitchen. To get to her flat, she was obliged to pass the stairway and turn to her left down a main hall. While so doing she fell down the stairway and was injured.

The negligence complained of is the failure of defendant to properly light the hall, and plaintiff's claim is that she fell by reason of insufficient light. An ordinance of the city of St. Paul [No. 4028] provides that, in apartment buildings of this character,

"a proper light shall be kept burning by the owner, in the public hallways, near the stairs, upon each floor, every night from sunset to sunrise, throughout the year." Defendant failed to comply with this ordinance during the night in question and the court charged the jury "as a matter of law that defendant was negligent in that regard." No question is raised as to the propriety of this instruction.

The real question in the case was, therefore, whether this negligence was the proximate cause of plaintiff's fall, and the solution of this question depends largely upon the question whether there was light from other sources, which rendered the hall reasonably light and served the purpose of lights in the hall. The only other possible sources of light were, first, the light through two glass transoms, one over the McQuillan kitchen door, and the other over the kitchen door directly across the hall, for there was light in both these kitchens; and, second, the light through the McQuillan kitchen door, if that door was open.

As to whether the McQuillan kitchen door was open, the testimony was in conflict. Plaintiff testified that she closed the door after her as she went out. Mrs. McQuillan testified that plaintiff left the door open. Another witness corroborates Mrs. McQuillan, and she is further corroborated by the circumstance that plaintiff had gone out hastily, intending presently to return. The jury were most likely of the opinion that plaintiff was mistaken, and that she, in fact, left this door open.

It is apparent, therefore, that it was important whether the light that shone through the McQuillan kitchen door into the hall was sufficient to reasonably light the hall, and to afford a substitute for the light "in the public hallways near the stairs," which the ordinance requires.

This brings us to the crucial question on this appeal which is, was the court's instruction on this point a proper one. The court charged as follows:

"I charge you that if you find that at the time plaintiff left McQuillans' flat their kitchen door was open, that the kitchen was lighted, and that the light therefrom extended through the door,

it being conclusively established that the stair landing was in very close proximity to the door, then you cannot find that her fall was proximately caused by defendant's failure to have a light burning in the hall itself, and your verdict must then be in favor of defendant * * * even though you believe the McQuillan kitchen door closed at the time, if you also find that there was light in the two kitchens flanking the hall, as testified to by respective tenants, and that sufficient light radiated through the transoms to render the hall reasonably light."

It will be observed that the court explicitly charged that if the McQuillan kitchen door was open and the kitchen lighted and "the light therefrom extended through the door" plaintiff was, as a matter of law, barred of recovery.

This instruction, we think, was error. We are mindful of the rule that a charge must not be considered bit by bit, but must be read as a whole. But there is nothing elsewhere in the charge which in any way modified or controlled the effect of the language quoted. The fact is the light that shone through the kitchen door did not shine directly on the stairway, for the stairway was to one side of the door. There is no evidence as to the extent to which the light that shone through the kitchen door lighted the head of the stairs; none as to the kind of light in the McQuillan kitchen; none as to the location of the light in the room, whether on the wall or ceiling; none as to its location with reference to other objects, such as the kitchen door ajar; none as to how far the door was ajar. Probably the evidence was sufficient to warrant submission to the jury of the question whether the light that shone through the door was a reasonably sufficient light for the hall, and dispensed with the light required by the ordinance, but clearly the evidence was not such as to warrant the court in determining this question adversely to the plaintiff, as a matter of law.

Plaintiff's counsel took exception to this instruction at the conclusion of the charge. It was not corrected. It took from the jury a vital issue in the case and for the error a new trial must be granted.

Order reversed and new trial granted.